F. SCHNACK *v.* DAVID R. OWENS, Y. F. ZANE, A. D. POTTS, JAMES A. O'BRIEN, LAWRENCE M. JUDD, WILLIAM E. MILES, D. L. HAIN, A. L. PORCH, MARY C. LOFFER, L. F. SCHOENSTEIN, DERALD GIBSON AND W. P. WHEELER.

No. 2736.

Submitted April 12, 1949.          Decided April 27, 1949.

Kemp, C. J., Le Baron and Cristy, JJ.

356

OPINION OF THE COURT BY CRISTY, J.

The plaintiff in error (hereinafter called plaintiff) seeks a review and reversal of a judgment of the circuit court of the first circuit and rental orders made in pursuance of an appeal from the rent control commission in proceedings brought under section 9658, Revised Laws of Hawaii 1945.

The plaintiff had filed petitions before the rent control commission of Honolulu on March 28, 1947, asking for an increase in rental on six two-bedroom duplex units from $50 to $60 per month on a comparable basis with four identical units in the same residence court, where rental ceiling had theretofore been fixed. The orders on the four prior units had not been appealed or reopened. In the subsequent proceedings for standardizing rents for

the remaining six apartments, plaintiff's petitions were refused on the sole ground that such rent "would be in excess of the rent generally prevailing for comparable housing accommodations." The plaintiff duly perfected his appeal to the circuit court under said section 9658 and a hearing *de novo* was had. After a full hearing and inspection of the premises, the trial judge filed his decision, which included *inter alia* the finding "that all apartments [in the residence court] are identical in construction and in furnishings and equipment. The Court viewed all the apartments and confirms this." Then the court continued in the following words: "* * * the Court finds the apartments generally similar and that there is not more than a five ($5.00) dollar differential between the four apartments previously set at $60.00 and the present six apartments upon which the Petitioner seeks a rent of $60.00 on a comparable basis.

"* * * until the rental of these four apartments [the prior four] has been reexamined and modified by the Commission, the [prior] finding of the Administrator is valid and effective and establishes a basis of comparable rentals on the six apartments now before the Court.

"The Court finds that since the six units are subtantially similar with the four prior units, there should not be more than a Five Dollar variance in the per month rental of any of the units. Therefore, until such time as the Commission has reexamined the rentals set on the four prior units * * * the Court will raise the rental on the six apartments to $55.00 per month, effective as of the commencement of the next rental date." The court then reversed the order of the commission, remanded the case for "a further determination in accordance with the law and findings of fact above set forth, and within ten days report to this Court a new order or determination consistent with this decision."

Subsequently the commission, without any intervening hearing or further findings, reported to the court new orders, severally as to each apartment but similar in language and result, stating:

"In accordance with law and the findings of fact contained in the Decision * * * of the Circuit Court * * * it is hereby ordered that the maximum rent ceiling for [the respective apartment] shall be adjusted to $55.00 per month." The six orders affecting the six apartments in similar language are each dated February 20, 1948, but carry no designation fixing the effective date of the adjusted rental.

Objections were filed by the plaintiff to these reports, raising *inter alia* that the circuit court had erroneously fixed the respective rentals at $55 per month and that the commission, without further hearings or findings, had slavishly followed the suggestion erroneously included in the decision; that the rent control ordinance requires the commission to fix rentals "to provide the rent generally prevailing for comparable housing accommodations" and that previous decisions of the commission affecting the same plaintiff as to apartments in the same residence court had fixed the comparable rental at $60 per month; that this determination, made within the year, became *res judicata* unless variations in fact existed, whereas the decision of the circuit court on appeal had found the apartments identical; that the orders in the instant case were therefore an arbitrary discrimination against the landlord, plaintiff; and that the rental when finally fixed should take effect as of the date of the filing of the original petitions with the rent control commission.

The testimony on appeal showed that the same landlord, the plaintiff herein, had originally brought the subject matter of the apartments in this residence court before the rent control administrator in connection with one

of the apartments that had been vacated before January, 1946. After a thorough investigation by the then administrator and his investigators, the rent on this first apartment was adjusted to a rental of $60 per month, being less than plaintiff had sought. On appeal to the commission the action of the administrator was affirmed. No further appeal was taken. Then, successively during the year, *as three other apartments were vacated,* petitions for adjustment of rental to the same amount as fixed on the first apartment were filed before the administrator and allowed on the basis of comparability, the last of these petitions being in November, 1946. Then in March, 1947, with four of the remaining six apartments vacated, petitions were filed covering all six apartments (and two others that are not the subject of this case). In other words, the landlord was in the process of standardizing the rentals on apartments in the same residence court *as the apartments were vacated* to a standard that had been investigated and fixed in the year previous by the former administrator. The new administrator refused the adjustment requested, denying the comparability factor. In the appeal before the circuit court the decision of the court reverses the administrator and finds the six apartments affected by this case fully identical and comparable to the apartments upon which the rent ceiling had been uniformly fixed the previous years.

On June 17, 1948, an order was entered by the circuit court overruling the objections to new orders but containing no determination by the court that the orders reported by the commission were "consistent with its decision." On July 9, 1948, a judgment was entered by the court which, after reciting the history of the case, states: "* * * the Court now determines that the said orders of the said Rent Control Commission are consistent with its decision." Exceptions were duly entered to both rulings by the court,

raising *inter alia* that the new orders and judgment were inconsistent with the decision and discriminatory, especially in view of the finding of the circuit court that the six apartments in question were identical housing accommodations to the four apartments on which the commission's former final orders had fixed a $60 per month rental.

A preliminary question is raised by the answering brief of defendants: that the application for the writ of error herein was not made within ninety days from the entry of judgment. The specific point is that the order of June 17, 1948, is the final judgment and not the "judgment" entered on July 9, 1948.

Section 9658, Revised Laws of Hawaii 1945, controls the proceedings before the circuit court. The finality of such proceedings, where on appeal a reversal of the orders of the commission has occurred, is prescribed in this language: "Within ten days after the decision of the court has been entered the administrator, commission, board or tribunal shall report to the court a new order or determination consistent with the decision, which shall take effect and be final upon the expiration of five days thereafter, unless an objection thereto is filed with the court within such period. In the event of such objection, such order or determination, or such modified order or determination as may thereafter be reported to the court, *shall take effect and be final when determined by the court to be consistent with its decision,* and the court may require the reporting of modified orders or determinations, as may be necessary." [Emphasis added.]

In view of the foregoing provision, the instant proceedings before the circuit court did not reach the final stage until the court entered its determination that the orders then existing were "consistent with its decision." Such a ruling does not appear until the judgment of July 9, 1948; hence, that is the date prescribed by the

statute as the effective date for the conclusion of the instant circuit court appeal. The application for the writ herein is within the prescribed ninety days from such determination.

Passing to the merits, the plaintiff first raises the point that the circuit judge was without authority to fix the rent. In the language of the court's decision, quoted *supra,* the decision of the court did proceed to fix the rent on the six apartments at $55 per month "effective as of the commencement of the next rental date." This language is substantially in the form of a directive and is contrary to the provisions of the statute under the decisions of this court.[1] The vice of this usurpation of authority is well illustrated in the instant case. The trial court found as a fact that the six apartments, the rental of which is under consideration, were in all respects identical and comparable with the four apartments in the same residence court as to which the commission had just recently passed and fixed a final rental. There was, so far as is disclosed in the record, no proceedings before the administrator or the commission by anyone to review and revise the rental fixed on the prior four units. Hence, if the court had stopped with the finding of comparability and reversed the orders of the commission in the appeal before him, requiring it under the statute to make a new determination consistent with such finding, the commission would then have been required to follow its own prior determination of rental value for such an apartment or to show to the court such material deviation in fact after hearing afforded as would justify a discretionary determination in a different way. But, having received the intimation in the erroneous decision to the effect that the court would consider a $5 reduction, in spite of his finding that the apartments were

---

[1] Lau Wong Shee v. Owens et al., 37 Haw. 493, 501-502.

of an identical nature, the commission proceeded forthwith to adopt the court's intimation without any indication of the exercise of any discretion whatsoever or any rational basis other than the court's own inconsistency.

While an administrative officer or commission may, in proper proceedings, review and revise prior actions, even of a predecessor, so that former dispositions in discretionary fields are not *res judicata* but evidentiary,[2] the subsequent action or determination must not be arbitrary or capricious.[3] Exercise of discretionary powers are controlled by reason and the application of legal principles.[4]

In the case of a residence court composed of a series of duplex apartments of similar construction, furnishings, equipment and services provided, where a rent ceiling has been fixed after full investigation by rent control authorities and a controlling finding has been made on appeal that other apartments in the same court are substantially identical and comparable housing accommodations, without any finding in appeal proceedings that the standard set is wrong, the rent control commission and a landlord petitioning for adjustment of rent are bound by the standard fixed, unless deviation therefrom is supported by substantial differences in fact, reasonably reflected in rental value; disregard of the standard so set without reasonable findings supported by factual difference in the specific accommodations is an arbitrary abuse of discretion.

Further, as has been indicated in the summary of facts of the record, the orders of the commission, included in its report to the court, bear no effective date as to rental period. It is indicated by the briefs, and conceded by the defendants, that the practice heretofore has been that the rental ceiling fixed by orders based upon petitions are not

---

2 Wilbur v. United States, 281 U. S. 206, 216-217.

3 Miller v. Nut Margarine Co., 284 U. S. 498.

4 Jones v. Securities Commission, 298 U. S. 1, 23-25.

made applicable to the rental units until subsequent to the entry of the orders or at some subsequent date indicated by the orders. No prescription of ordinance or statute has been called to the attention of the court covering the matter. Nor has our own inspection of the ordinance as amended disclosed any.[5] Logic and reason indicate that a petitioner, whether he be a landlord asking for an increase or a tenant asking for a decrease, should have the ultimate right, granted by the order, date back to the filing of the original petition before the rent control authorities. Otherwise, the successful party is penalized by the delays of procedural red tape and review. If the rent existing at the time of such petition is found by the commission, in the first instance or after review, to be too low, then the petitioner has been justified in his pursuit for relief at the time he filed his petition. If it be a tenant's petition for reduction of rent or for the fixing of a rent ceiling where none had been fixed, then the tenant's petition, if successful, would be found justified as of the date the proceedings were started. To leave it to any fluctuating, unpredictable future date to be arrived at when the commission and the review court had finished the proper determination is again an arbitrary imposition upon the parties required to comply with the procedure. The final orders, fixed under the rent control regulations or after appeal, become effective as final orders as prescribed by ordinance or by said section 9658, but that is the same in connection with all final judgments of a court. When relief is granted by final orders under an application for rental adjustment, it should be made retroactive to the date when the application therefor was originally filed.

---

[5] The New York statutes prescribe that the rental fixed shall be retroactive to the date of application. See Rent Control, Friedlander and Curreri, p. 439, § 129.0, n. 17.

This court has already intimated that the adjustments to be made by orders of the commission shall be made "as of the time of petition."[6]

It is unnecessary to recite the specifications of error *in toto*. Taken together, they adequately raise the questions of error heretofore discussed.

For the reasons assigned, the judgment and orders heretofore issued by the circuit court and the rent control commission are hereby vacated and set aside and the cause remanded below with instructions to the circuit court to remand to the commission for a new report of new orders and determinations consistent with this opinion and with the findings of fact of the circuit court that the six apartments affected by these proceedings are comparable to the four apartments on which the commission had previously acted, and without any influence or effect by the erroneous determination of the circuit judge in attempting to fix or indicate a rental different from that affecting the comparable apartments, and that adjustments, when made, shall date as of the time of the original petition of the plaintiff before the commission.

*F. Schnack* for plaintiff in error.

*W. D. Godbold*, City and County Attorney, and *L. E. Black*, Deputy City and County Attorney, for defendants in error.

---

[6] In re Cosmopolitan Hotel, 37 Haw. 611 at 624.